IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO TELEPHONE COMPANY, INC.,<br><br>    Plaintiff<br><br>        v.<br><br>TELECOMMUNICATIONS REGULATORY BOARD OF PUERTO RICO, et al.,<br><br>    Defendants | CIVIL NO. 08-1885 (JP) |

### **OPINION AND ORDER**

Before the Court are Defendant SunCom Wireless Puerto Rico Operating Company L.L.C.'s ("SunCom") motion to dismiss (**No. 21**) for lack of subject matter jurisdiction, Defendants Telecommunications Regulatory Board of Puerto Rico, Nixyvette Santini-Hernández, Vicente Aguirre-Iturrino and Sandra Torres-López's ("Board") motion to dismiss (**No. 22**) for lack of subject matter jurisdiction, Plaintiff Puerto Rico Telephone Company's ("PRTC") opposition thereto (No. 24), and Defendant Board's reply (No. 32). Plaintiff PRTC filed this action to challenge a Board decision ("Resolution and Order") which resolved a dispute between SunCom and PRTC. Defendants then filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff brought this action claiming jurisdiction under 47 U.S.C. § 252(e)(6) and 28 U.S.C. § 1331. For

CIVIL NO. 08-1885 (JP)          -2-

the reasons stated herein, Defendants' motions to dismiss are hereby **DENIED**.

## I.     FACTUAL ALLEGATIONS

Since it began its Puerto Rico operations in 1999, SunCom and its predecessors[1] have entered into three interconnection agreements ("ICA") with PRTC pursuant to 47 U.S.C. § 252. The first of these ICAs was made effective on June 2, 1999 ("1999 Agreement"). A second ICA was entered into by PRTC and SunCom on January 4, 2001 ("2001 Agreement")[2] and the last ICA was made effective on January 1, 2008 ("2008 Agreement"). Plaintiff PRTC also alleges that it has lawfully filed multiple tariffs. First, Plaintiff alleges that it filed with the Federal Communications Commission ("FCC") a tariff offering interstate switched and special access services ("PRTC Tariff FCC No. 1"). PRTC has also allegedly filed with the Board a tariff offering intrastate switched access service ("PRTC Tariff K-2") and local exchange services ("PRTC Local Tariff").

The current controversy before the Court dates back to 1999 when SunCom began purchasing transport facilities from PRTC. Said transport facilities were purchased by SunCom, from PRTC, in order for SunCom to connect: (1) its cell sites to its mobile telephone switching office ("MTSO"); and (2) its MTSO with PRTC's network.

---

1.  SunCom's predecessor was Telecorp. The Court will refer to both as SunCom to avoid confusion.

2.  SunCom has stated that Telecorp assigned its rights and obligations under the 2001 Agreement to SunCom in December 2004.

CIVIL NO. 08-1885 (JP)          -3-

Because the transport facilities that wireless carriers use to connect their cell sites with their MTSO's, and to connect their MTSO's with incumbent local exchange carriers[3] ("ILEC") networks are special access facilities, PRTC offers them to wireless carriers, such as SunCom, under PRTC Tariff FCC No. 1 and Section F-7 of the PRTC Local Tariff.

To be able to order said transport facilities under PRTC Tariff FCC No. 1, carriers must comply with all the terms and conditions of the tariffs.  One of the terms and conditions states that carriers purchasing special access facilities must specify, at the time of ordering, that more than ten percent of the traffic to be routed through the requested facilities is interstate traffic.

Since 1999, SunCom has acquired the transport facilities at issue and PRTC has billed SunCom for said transport facilities under the tariffs of PRTC Tariff FCC No. 1.  PRTC billed SunCom under said tariffs even though SunCom did not specify, at the time of ordering, that more than ten percent of the traffic to be routed was interstate traffic.

PRTC stopped billing SunCom for the transport facilities at issue under PRTC Tariff FCC No. 1 in 2002 when it realized that it had erred in providing said transport facilities to SunCom under PRTC Tariff FCC No. 1.  PRTC erred because SunCom had not specified that

---

3.    PRTC is an ILEC.

CIVIL NO. 08-1885 (JP)          -4-

more than ten percent of the traffic to be routed was interstate traffic as required by said tariff.  As such, PRTC began, at the time it discovered the issue, applying the rates for transport facilities set forth in the PRTC Local Tariff which are higher than the rates in PRTC Tariff FCC No. 1.  Ever since the error was corrected, SunCom and PRTC have been involved in a dispute.  SunCom is not the only wireless carrier who was billed incorrectly under PRTC Tariff FCC No. 1.  However, SunCom is the only Puerto Rico wireless carrier disputing this charge.

The dispute between the parties finally ended up before the Board in May 2007.  The parties filed cross motions for summary judgment.  On July 9, 2008, the Board issued a Resolution and Order which granted SunCom's motion and dismissed PRTC's claims.  PRTC then filed the instant complaint challenging the Board's Resolution and Order.

## II.  **LEGAL STANDARD FOR A RULE 12(b)(1) MOTION TO DISMISS**

Federal courts are courts of limited jurisdiction.  <u>Destek Group v. State of New Hampshire Public Utilities Commission</u>, 318 F.3d 32, 38 (1st Cir. 2003).  The party claiming that the court has jurisdiction carries the burden of showing that there is jurisdiction.  <u>See</u> <u>Aversa v. United States</u>, 99 F.3d 1200, 1209 (1st Cir. 1996); <u>Murphy v. United States</u>, 45 F.3d 520, 522 (1st Cir. 1995).

CIVIL NO. 08-1885 (JP)          -5-

Motions brought under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) are subject to a similar standard of review as FRCP 12(b)(6) motions. <u>Torres Maysonet v. Drillex, S.E.</u>, 229 F. Supp. 2d 105, 107 (D.P.R. 2002). A court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 997 (1st Cir. 1992); <u>Torres Maysonet</u>, 229 F. Supp. 2d at 107.

### III. **ANALYSIS**

Defendant SunCom alleges that the case should be dismissed because the Resolution and Order of the Board is based on state law and not on federal law. Specifically, SunCom argues that under 47 U.S.C. § 252(e)(6) ("Section 252(e)(6)") a federal court has jurisdiction: (1) to review a Board decision which rejects or approves the terms of an ICA; and (2) to review a Board action that alters, modifies, interprets or enforces a federal law term within an ICA. Because the Board interpreted the ICA under applicable state law, SunCom argues that neither of the two conditions for jurisdiction under Section 252(e)(6) are met.

Defendant Board argues that the Court lacks subject matter jurisdiction to hear the case under both Section 252(e)(6) and 28 U.S.C. § 1331 ("Section 1331"). Like SunCom, the Board argues that it resolved the private dispute between the parties based on state law. As such, the Board states that the nexus between an ICA

CIVIL NO. 08-1885 (JP)          -6-

and private dispute decided based on state law is not sufficient to grant jurisdiction under Section 252(e)(6).  Also, Defendant argues that the Board's resolution of a private billing dispute does not provide the Court with jurisdiction under Section 1331.  Because the dispositive issue in this case is jurisdiction under Section 1331, the Court will focus its analysis on said issue.  The Court will now consider Defendants' arguments.

### A. Section 1331

District courts have jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Pursuant to Section 1331, federal courts have subject matter jurisdiction over suits against state administrative agencies for declaratory and injunctive relief based on claims that the agency has acted in a manner or issued a determination inconsistent with federal law.  See Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96 n.14 (1983); Local Union No. 12004, United Steel Workers of America v. Massachusetts, 377 F.3d 64, 74-75 (1st Cir. 2004).

In the instant case, PRTC argues that Section 1331 provides the Court with jurisdiction to hear the case based on the United States Supreme Court decision Verizon Maryland, Inc. v. Public Service Commission of Maryland, 535 U.S. 635 (2002). Defendant Board argues: (1) that reliance on the Verizon case is misplaced; and (2) that

CIVIL NO. 08-1885 (JP)          -7-

PRTC's assertion of federal court jurisdiction is immaterial, insubstantial or frivolous.

### 1.   Reliance on Verizon Case

The Board argues that reliance on Verizon would be misplaced. Specifically, it argues that reliance on said case would be misplaced because the question before the Court was whether a decision of a state commission, such as the Board, violated an FCC ruling on the same topic. Verizon, 535 U.S. at 643. As such, the Board argues that because the resolution of the issue before the Court necessarily implicated federal law, the Verizon Court held that there was sufficient nexus to trigger jurisdiction under Section 1331. The Board also argues that the Verizon Court did not hold that the public service commission's interpretation of a contract inherently entails a federal question. Id. at 651 n.4 (Souter, J., concurring).

Based on its interpretation of Verizon, the Board argues that here, unlike in Verizon: (1) its Resolution and Order did not interpret federal law or an FCC regulation, but instead applied Puerto Rico law; and (2) the relief sought by PRTC does not depend on resolution of a substantial question of federal law. Furthermore, the Board believes that its interpretation of the ICA does not trigger federal court jurisdiction even when PRTC alleges that the Board's decision violates federal law. Verizon New York v. Choice One Communications, 499 F. Supp. 2d 326 (S.D.N.Y. 2007); Nuvox

CIVIL NO. 08-1885 (JP)        -8-

Communications, Inc. v. North Carolina Utilities Commission, 409 F. Supp. 2d 660 (E.D.N.C. 2006).

After considering the arguments, the Court determines that the distinction the Board attempts to draw is unconvincing. In Verizon, the Court found that "resolution of Verizon's claim turns on whether the Act, or an FCC ruling issued thereunder, precludes the Commission from ordering payment of reciprocal compensation." Verizon, 535 U.S. at 643. Similarly, the resolution of PRTC's claim turns on whether the Board's Resolution and Order is: (1) inconsistent with federal law and FCC regulations; and (2) preempted by the Supremacy Clause of the United States. As such, the assertion by the Board that the decision of the Court does not depend on the resolution of a federal question is incorrect. Also, assuming that the Board's decision relied only on local law, that fact by itself in no way suggests that the decision of the Board could not conflict with federal law.

The claim by the Board that its interpretation of the ICA does not trigger federal court jurisdiction even when PRTC alleges that the Board's decision violates federal law is puzzling. The argument of the Board goes directly against what the Supreme Court found in Verizon. See id. at 641-43. Also, the Verizon New York and Nuvox Communications cases do not support the conclusion that the Board's interpretation of the ICA does not trigger federal court jurisdiction even when PRTC alleges that the Board's decision violates federal law. In Verizon New York, the Court found that it did not have

CIVIL NO. 08-1885 (JP)          -9-

jurisdiction under Section 1331 because the complaint "alleges, in essence, state law claims that do not explicitly or implicitly refer to, incorporate, or reference any provision of federal law." 499 F. Supp. 2d at 328. Similarly, in Nuvox Communications, the Court found that the resolution of the case before it did not depend on resolution of a substantial question of federal law. 409 F. Supp. 2d at 665. However, here, as explained above, the complaint does raise substantial questions of federal law such as preemption. As such the Court finds Defendants' arguments unconvincing.

### 2.   PRTC's Claims of Federal Jurisdiction

In Verizon, the Supreme Court found that there would be no jurisdiction if the claim by the party asserting jurisdiction was immaterial, frivolous or wholly insubstantial. See Verizon, 535 U.S. at 643. The Board argues that PRTC's assertion of federal court jurisdiction is immaterial, insubstantial or frivolous because the provision at issue was contained in a privately negotiated ICA and, therefore, beyond the scope of federal law. Law Offices of Curtis Trinko v. Bell Atlantic Corp., 305 F.3d 89 (2nd Cir. 2002), *reversed on other grounds*, 540 U.S. 398 (2004); Verizon New Jersey v. Ntegrity Telecontent Services, 219 F. Supp. 2d 616 (D.N.J. 2002).

The Court notes that the cases cited by Defendant are persuasive and not binding on this Court. After considering the opinions in said cases, the Court is not persuaded by the arguments. As such,

CIVIL NO. 08-1885 (JP)              -10-

the Court disagrees with Defendant Board's conclusion that PRTC's assertion of federal court jurisdiction is immaterial, insubstantial or frivolous.

## IV. CONCLUSION

Thus, the Court holds that it has jurisdiction over Plaintiff PRTC's complaint based on Section 1331.  Accordingly, Defendants' motions to dismiss are hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of March, 2010.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE
